IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| MARIA DEL CARMEN CAVAZOS,§<br>        Plaintiff,    §<br>                          §<br>v.                        §<br>                          §<br>MIDFIRST BANK,           §<br>        Defendants.     §<br>                          § | Civil Action No. 5:18-cv-42 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), MidFirst Bank ("Defendant") submits this *Notice of Removal* to support removal of this action from the 406th District Court of Webb County, Texas. Removal is based on the ground that diversity jurisdiction exists over this action because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00. Defendants respectfully show the Court:

### I.    SUMMARY

1.    On or about March 29, 2018, Plaintiff filed an *Original Petition and Request for Temporary Restraining Order and Order for Temporary Injunction* ("Petition"), bearing Cause No. 2018CVG000625D4 and styled *Maria Del Carmen Cavazos v. MidFirst Bank* in the 406th Judicial District Court for Webb County, Texas (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit A. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action, including the Petition, are attached hereto within the contents of Exhibit B.

2.    The allegations in the Petition relate to a deed of trust on the property commonly known as 8775 Augusta Loop, Laredo, Texas 78045 (the "Subject Property"). (*See* Exhibit B at *Pl.'s Original Pet.* ¶2 and 7.) Plaintiff alleges that foreclosure would be premature as to the

Property because her deceased husband's estate has not yet been probated. (*Id.* at ¶¶7.) Furthermore, Plaintiff alleges that Defendant told her that probate was not necessary for her husband's estate. (*Id.*) For this reason, Plaintiff seeks suit against Defendant under breach of contract, wrongful foreclosure, promissory estoppel, and negligence theories. (*Id.* at ¶¶11-17.) Plaintiff also alleges that notice of the foreclosure sale was not properly provided to Plaintiff and that Defendant was unjustly enriched by the foreclosure sale. (*Id.* at ¶¶16-19.) For these alleged wrongs, Plaintiff seeks damages for unjust enrichment, due to an alleged inadequate sales price) and attorneys' fees. (*Id.* at ¶¶18-20.)

3. Along with Plaintiff's Petition of March 29, 2018, Plaintiff applied for a temporary restraining order prohibiting the foreclosure sale of the Subject Property. (*See* Exhibit B at *Temporary Restraining Order and Order Setting Hearing for Temporary Injunction*.) The District Court granted the restraining order prohibiting foreclosure on the Subject Property on April 3, 2018. (*Id.*)

4. This Notice of Removal is timely because thirty (30) days have not expired since the case was initially filed, making removal proper in accordance with 28 U.S.C. section 1446(b).

5. This action is removable to federal court pursuant to 28 U.S.C. section 1441 because it could have been filed originally in this Court pursuant to the diversity jurisdiction conferred by 28 U.S.C. section 1332.

## II.   BASIS FOR REMOVAL: DIVERSITY JURISDICTION

**A.  There is complete diversity among all parties.**

6. There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiff and Defendant, and more than $75,000 is in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

7. Plaintiff Maria Del Carmen Cavazos is an individual who makes her residence in

Laredo, Texas, making it a citizen of Texas for diversity purposes. (*See* Exhibit B at *Pl.'s Original Pet.* ¶2.)

8. Defendant MidFirst Bank is a federally chartered savings association with its principal place of business in Oklahoma City, Oklahoma, making it a citizen of Oklahoma for diversity purposes.

### B. The amount in controversy exceeds $75,000.00.

#### Plaintiff's request for injunctive relief exceeds $75,000.00.

9. The amount in controversy exceeds the sum or value of $75,000.00. In the Fifth Circuit, when declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). Where a plaintiff seeks property rights as owner of a property, courts in this district consider the local appraisal district's valuation of the property's fair market value as indicative of the amount in controversy. *See*, *e.g.*, *Felder v. Countrywide Home Loans*, No. H-13-0282, 2013 U.S. Dist. LEXIS 179033, at *23–26 (S.D. Tex. Dec. 20, 2013); *Morlock, L.L.C. v. JPMorgan Chase Bank, N.A.*, No. H-13-0734, 2013 U.S. Dist. LEXIS 153386, at *8, 14–17 (S.D. Tex. Oct. 25, 2013) (citing *Martinez v. BAC Home Loans Servicing, LP*, 777 F. Supp. 2d 1039, 1051 (W.D. Tex. 2010)); *Govea v. JPMorgan Chase Bank, N.A.*, No. H-10-3482, 2010 U.S. Dist. LEXIS 130940, at *13–16 (S.D. Tex. Dec. 10, 2010). More specifically, when a "plaintiff seeks both a preliminary and permanent injunction to prevent the defendant from foreclosing on his home . . . the object of the litigation is plaintiff's home and the fair market value of his home is the proper measure of the amount in controversy." *Martinez*, 777 F. Supp. 2d at 1051.

10. Plaintiff seeks a temporary injunction preventing Defendant from exercising its rights over the Subject Property. (*See* Exhibit B at *Temporary Restraining Order and Order Setting Hearing for Temporary Injunction*.) Therefore Plaintiff has put an amount in controversy equal to the value of the Property. As of 2017, the most recent year available, the Webb County Appraisal District valued the Subject Property at a market value of $122,600.00. (Exhibits C, C-1.) Therefore the amount in controversy exceeds $75,000.00.

### III.   VENUE

11. Venue for removal is proper in the United States District Court for the Southern District of Texas, Laredo Division under 28 U.S.C. Section 1441(a) because this district and division embrace the 406th District Court of Webb County, Texas—the forum in which the removed action was pending.

### IV.   NOTICE

12. Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 406th District Court of Webb County, Texas.

13. The contents of Exhibit B constitute the entire file of Cause No. 2018CVG000625D4 in the 406th District Court of Webb County, Texas.

### CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

          Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District Bar No. 21340
mcronenwett@mwzmlaw.com

**GORDON W. GREEN**
Texas Bar No. 24083102
Southern District Bar No. 2590969
ggreen@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686
*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

The undersigned certifies that on the 6th day of April 2018, a true and correct copy of the foregoing document was delivered via electronic servicer to the counsel of record listed below:

Armando Trevino
Ramos-Trevino
1519 Washington St., Suite 1
Laredo, Texas 78040
Tel: (956) 726-1638
Fax: (956) 472-7555
armandotrevinolaw@gmail.com

          */s/ Gordon W. Green*
          **GORDON W. GREEN**

## LIST OF ALL COUNSEL OF RECORD

<u>For Plaintiff</u>:

Armando Trevino
Ramos-Trevino
1519 Washington St., Suite 1
Laredo, Texas 78040
Tel: (956) 726-1638
Fax: (956) 472-7555
armandotrevinolaw@gmail.com


<u>For Defendant MidFirst Bank</u>:

Mark D. Cronenwett
Texas Bar No. 00787303
Gordon W. Green
Texas Bar No. 24083102
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 (Fax)

## INDEX OF DOCUMENTS ATTACHED

Exhibit A.   Copy of Docket Sheet for Cause No. 2018CVG000625D4 in the 406th Judicial District Court for Webb County, Texas

Exhibit B.   Cause No. 2018CVG000625D4 in the 406th Judicial District Court for Webb County, Texas:

  B-1.   Plaintiff's Original Petition and Request for Temporary Restraining Order and Order for Temporary Injunction, filed March 29, 2018;

  B-2.   Temporary Restraining Order & Order Setting Hearing for Temporary Injunction, signed March 29, 2018; and

  B-3.   Clerk's Certificate of Cash in Lieu of Bond, signed May 30, 2018.

Exhibit C.   Declaration of Gordon W. Green:

  C-1.   Real Property Account Information from the Webb County Appraisal District website on April 3, 2018.